UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT WILLIAM TUNSTALL,

Plaintiff,

v.

T. VIRGA et al.,

Defendants.

No.  2:13-cv-1256 JAM DAD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.  This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

/////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

9    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

12   However, in order to survive dismissal for failure to state a claim a complaint must contain more

13   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

14   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

15   U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

16   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

17   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

18   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19   The Civil Rights Act under which this action was filed provides as follows:

20   Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
21   deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
22   law, suit in equity, or other proper proceeding for redress.

23   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

24   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

25   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

26   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

27   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

28   /////

2

1    omits to perform an act which he is legally required to do that causes the deprivation of which

2    complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

3         Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

4    their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named defendant

5    holds a supervisorial position, the causal link between him and the claimed constitutional

6    violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

7    <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

8    concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u>

9    <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

10                              **PLAINTIFF'S COMPLAINT**

11        In his complaint, plaintiff has named Warden Virga, Associate Warden Lynch, Captain

12   Laguna, Lieutenant Kramer, Sergeant Lujan, and several other correctional officers and members

13   of the inmate appeals office as the defendants in this action.  Plaintiff alleges that he was issued a

14   Rules Violation Report ("RVR") for Battery on an Inmate and was subsequently found guilty of

15   the charge.  Plaintiff further alleges that he is hearing impaired and did not receive staff assistance

16   or a fair and impartial hearing.  In terms of relief, plaintiff asks the court to dismiss his rules

17   violation and award him monetary damages.  (Compl. at 2-4 & Ex. A.)

18                                    **ANALYSIS**

19        A civil rights action is the proper mechanism for a prisoner seeking to challenge the

20   conditions of his confinement.  <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991).  In contrast,

21   habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact

22   or duration of his confinement.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).  Here, plaintiff is

23   seeking to overturn a prison disciplinary conviction, which resulted in his forfeiture of 90 days of

24   time credits.  (Compl., Ex. A.)  Plaintiff's success in this action would necessarily call into

25   question the validity of his prison disciplinary proceeding and implicate the duration of his

26   confinement.  Accordingly, a writ of habeas corpus is plaintiff's sole remedy in federal court

27   which may be pursued only after exhausting all of his constitutional claims in state court.  <u>See,</u>

28   <u>e.g.</u>, <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred

                                        3

1   (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter

2   the target of the prisoner's suit (state conduct leading to conviction or internal prison

3   proceedings) - if success in that action would necessarily demonstrate the invalidity of the

4   confinement or its duration.") (emphasis in original); Edwards v. Balisok, 520 U.S. 641, 648

5   (1997) (dismissing § 1983 action for declaratory relief and money damages because successful

6   challenge to procedures used in disciplinary hearing would necessarily imply the invalidity of the

7   punishment imposed); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (a state prisoner may not

8   recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm

9   caused by "actions whose unlawfulness would render the imprisonment invalid," unless he can

10   prove that the conviction or other basis for confinement has been reversed on direct appeal,

11   expunged by executive order, declared invalid by a state tribunal authorized to make such a

12   determination, or called into question by a federal court's issuance of a writ of habeas corpus).

13                                    **OTHER MATTERS**

14        Also pending before the court is plaintiff's motion for appointment of counsel.  The

15   United States Supreme Court has ruled that district courts lack authority to require counsel to

16   represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296,

17   298 (1989).  In certain exceptional circumstances, the district court may request the voluntary

18   assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

19   (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

20        The test for exceptional circumstances requires the court to evaluate the plaintiff's

21   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

22   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

23   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

24   common to most prisoners, such as lack of legal education and limited law library access, do not

25   establish exceptional circumstances that would warrant a request for voluntary assistance of

26   counsel.  In light of the foregoing discussion, the court does not find the required exceptional

27   circumstances.  Accordingly, the court will deny plaintiff's motion for appointment of counsel.

28   /////

4

1   Plaintiff has also filed three motions for preliminary injunctive relief.  On October 25,

2   2013, plaintiff filed a notice of change of address in this action informing the court that he is now

3   incarcerated at California Health Care Facility.  (Doc. No. 10)  As such, plaintiff is no longer

4   subject to the alleged conditions he complained of at California Medical Facility.  See Weinstein

5   v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).

6   Accordingly, the court will deny plaintiff's motions for preliminary injunctive relief as moot.

**CONCLUSION**

8   IT IS HEREBY ORDERED that:

9   1.  Plaintiff's motion for appointment of counsel (Doc. No. 4) is denied; and

10   2.  Plaintiff's motions for preliminary injunctive relief (Doc. Nos. 7, 8 & 9) are

11   denied as moot.

12   IT IS HEREBY RECOMMENDED that:

13   1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) be denied; and

14   2.  This civil rights action be dismissed without prejudice to plaintiff's proper

15   pursuit of habeas relief.

16   These findings and recommendations are submitted to the United States District Judge

17   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18   after being served with these findings and recommendations, plaintiff may file written objections

19   with the court and serve a copy on all parties.  Such a document should be captioned

20   "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

21   failure to file objections within the specified time may waive the right to appeal the District

22   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23   Dated:  November 7, 2013

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

26   DAD:9
tuns1256.56

5